HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS K. STARK,

           Plaintiff,

   v.

TOTEM OCEAN TRAILER EXPRESS, INC; INTEROCEAN AMERICAN SHIPPING CORPORATION; SEASTAR STEVEDORE CO., *in personam*, and SS NORTHERN LIGHTS, Official No. 561732, its machinery equipment and appurtenances, *in rem*,

           Defendants.

In Admiralty

Case No. C05-5808RBL

ORDER DENYING PLAINTIFF'S AND DEFENDANT SEA STAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. SUMMARY

This matter comes before the Court on Plaintiff Stark and Defendant Sea Star's motion for partial summary judgment. (Dkt. No. 33, 34). The Plaintiff and Defendant Sea Star ("Movants") seek a ruling that Defendants Totem Ocean Trailer Express ("TOTE") and Interocean American Shipping Corp. ("IAS") are liable per se based on alleged violations of work/rest statute and regulation, 46 U.S.C. § 8104(d) and 46 CFR § 15.1111. Additionally, movants seek a ruling under the Jones Act's incorporation of FELA that would preclude Defendants TOTE and IAS from reducing any potential damages for comparative fault of Plaintiff. Having reviewed the parties' submissions and determining that oral argument is not necessary for the

ORDER
Page - 1

disposition of this motion, the Court hereby DENIES Plaintiff's and Defendant Sea Star's motion. The reasons for the Court's order are set forth below.

## II. BACKGROUND

The following alleged facts are set forth in a light most favorable to the non-moving parties: On December 27, 2002, Plaintiff Stark injured his right leg aboard the vessel NORTHERN LIGHTS when he was struck by the rear tires of a cargo trailer operated by an employee of Defendant Sea Star.

At the time of the accident, Plaintiff was talking on a vessel phone located adjacent to a ramp being used by Sea Star to discharge and load cargo containers. The phone area was protected by a steel pole or stanchion. None of the parties dispute that Plaintiff's leg must have been outside the protective area for it to be struck. Plaintiff believed he was standing within the protective area, but admits that he must have been mistaken.

Plaintiff was not tired or inattentive at the time of the accident. Moreover, Plaintiff admits that he felt good and in control without any trouble concentrating.

As Chief Officer on board the vessel, Plaintiff was responsible for arranging work schedules for the deck crew, including his own work hours. It appears that Plaintiff did not receive the statutorily mandated amount of rest during many days of his 10-week duty tour. However, in the 24-hour period prior to the accident, Plaintiff had eleven hours and fifteen minutes of rest time. Plaintiff's rest schedule from 2115 on Dec. 26, 2002, to 2115 on Dec. 27, 2002, was divided into three periods. No combination of any two of the rest periods totaled ten hours, as required by 46 CFR 15.1111(b).

## III. DISCUSSION

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would

not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

B. Liability Per Se

The Jones Act grants to seamen the rights and remedies available to railroad employees under FELA. *E.g., Kernan v. American Dredging Co.*, 355 U.S. 426, 439 (1958). Under FELA, negligence (but not necessarily liability) is found as a matter of law when an employer violates a safety statute or regulation. *See id.* Liability for violation of a statute or regulation ensues where the employer's violation, in whole or in part, causes the injury. *Id.* The standard for causation under FELA is "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought." *Oglesby v. Southern Pacific Transp. Co.*, 6 F.3d 603, 607 (9th Cir. 1993).

Movants argue that a violation of a safety statute, regulation, or both occurred with respect to Plaintiff's excessive work hours. (Dkt. No. 33, 34). Even in the light taken most favorable to the non-moving parties, the evidence shows that at least one work hours regulation was likely violated at the time of the accident. Plaintiff's rest of eleven hours and fifteen minutes over the course of three rest periods between 2115 of Dec. 26 and 2115 of Dec. 27 was in violation of 46 CFR § 15.1111(b) which mandates that any ten-hour rest period must be divided into not more than two periods, one of which must be at least six hours. Although Plaintiff did have a rest period of over six hours, no combination of any two of the three rest periods totaled ten hours. Negligence per se has likely been established, but absent a showing of causation for Plaintiff's injury, the breach of this regulation will not give rise to *liability* per se.

Movants argue that no remaining issue of fact exists with regard to causation. (Dkt. No. 33, 34). This Circuit has expressly stated that, under FELA, liability will be established if the employer's negligence simply "played any part in producing the injury, no matter how slight." *Oglesby*, 6 F.3d at 609 (citing *Taylor v. Burlington N. R.R.*, 621 F.2d 902, 909 (8th Cir. 1980). The underlying purpose of a regulation provides guidance to the Court for determining whether the breached regulation caused the injury. Without relying on the unpublished case cited for the proposition that 46 CFR § 15.1111 serves the purpose of preventing crew fatigue, the Court is satisfied that preventing fatigue is the logical purpose of the rule. In order for the movants

to succeed in a motion for partial summary judgment on this claim, there cannot remain any issue as to whether fatigue played a role in Plaintiff's injury. The movants have not met that burden based on the following evidence.

Movants rely on expert testimony from Dr. Moore-Ede that directly contradicts Plaintiff's interpretation of his own state of being. (Dkt. No. 33, 34). Fatigue cannot be presumed in light of Plaintiff's own admissions that he was neither tired nor inattentive. Moreover, Plaintiff admits that at the time of the accident he felt good and had no trouble concentrating. In addition, Plaintiff had over eleven hours of rest in the 24-hour period prior to the accident. Although the causation standard under FELA is "slight", the burden of the moving party in a summary judgment motion is not. A genuine issue of material fact remains with respect to whether fatigue played even the slightest role in Plaintiff's injuries.

C. *The Pennsylvania* Rule and Causation

The movants concurrently argue that where a violation of a safety statute has occurred there is a rebuttable presumption in favor of causation, citing to *The Pennsylvania* Rule. *The Pennsylvania* Rule places on the party which violates a safety statute or regulation the burden of proving that the violation not only did not but could not have contributed to the injury. *The Pennsylvania*, 86 U.S. 125, 136 (1873). This Circuit has applied *The Pennsylvania* Rule very strictly.[1] *Waterman Steamship Corp. V. Gay Cottons*, 414 F.2d 724, 736 (9th Cir. 1969).

Because of the almost insurmountable burden *The Pennsylvania* Rule imposes upon the violating party, many courts have required a nexus between the injury and the purpose of the legal obligation that was breached. *Wills v. Amereda Hess Corp.*, 379 F.3d 32, 43 (2d Cir. 2004). In *Wills*, the Second Circuit rejected the application of the *Pennsylvania Rule* in a Jones Act case, relying on reasoning from an earlier Jones Act case involving an overworked seaman. *Id.*; *Wilkins*, 446 F.2d 480. In *Wilkins*, a seaman had a fatal heart attack after working excessive overtime hours. 446 F.2d at 482. The seaman's estate brought an action

---

[1] The vast majority of Ninth Circuit cases applying *The Pennsylvania* Rule do so in the context of a collision. The court in *Waterman* should be narrowly interpreted as expressing that the Rule has been applied very often in collision cases. Although this Court agrees that *The Pennsylvania* Rule may apply in non-collision cases, other Circuits have more thoroughly analyzed the rule in the non-collision setting. *See e.g., Wilkins v. American Export Isbrandtsen Lines, Inc.*, 446 F.2d 480 (2d Cir. 1971).

against the seaman's employer under the Jones Act, arguing that the excessive work was responsible for causing the heart attack. *Id.* at 481. While pointing out that the seaman's overtime work "was not so devoid of probative value as to forbid an inference that it caused his heart attack," the court also found that the necessary nexus between the statute's violation and the seaman's injury was "not so self-evident as to warrant the presumption that violation of the overtime statute resulted in the seaman's death." *Id.* at 484-85. Consequently, the court held that *"The Pennsylvania* Rule does not apply where proof that the legal obligation was breached does not lead 'naturally and logically' to the conclusion that the breach caused the injury." *Wills*, 379 F.3d at 44 (quoting *Wilkins*, 446 F.2d at 485).

In the instant case, movants contend that *The Pennsylvania* Rule should be applied; however, a nexus between Plaintiff's leg injury and violation of 46 CFR 15.1111(b) has not been established by the available evidence. Although an inference is justified that the excessive work required of Plaintiff caused him to be fatigued, that inference is not exchangeable for a presumption that excessive work caused his leg injury. Moreover, the statutory and regulatory exceptions from the disallowance of overtime work specifically authorize excessive work hours during tense and pressure-filled emergencies. *See* 46 U.S.C. 8104; 46 CFR 15.1111. Therefore, the statute and regulation are in contradiction with the view that any overtime work leads naturally and logically to physical injury of the employee.

This court cannot say that as a matter of law the breach of an excessive work regulation leads "naturally and logically" to the Plaintiff's leg injury. Like the court in *Wilkins*, this court is not persuaded that *The Pennsylvania* Rule should be applied in a Jones Act case involving the alleged violation of an excessive work regulation. This court therefore rejects application of the *Pennsylvania* Rule in the instant case. Consequently, the burden of proving causation remains with the Plaintiff, though the burden is not a difficult one.

D. <u>Comparative Fault</u>

The movants argue that once liability is established Defendants TOTE and IAS may not reduce any damages award for comparative fault pursuant to Section 53 of FELA. (Dkt. No. 33, 34). Having determined that *The Pennsylvania* Rule should be rejected in this case, this court directs the preliminary issue as to causation to be decided by a trier of fact. Section 53 of FELA is only relevant once liability on the part of an employer has been established. Accordingly, this order will not discuss the application of Section 53 of FELA as it relates to the prohibition from reducing a damages award for comparative fault.

ORDER
Page - 5

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Plaintiff's and Defendant Sea Star's motions for partial summary judgment (Dkt. No. 33, 34) because genuine issues of material fact remain for trial.

DATED this 24th day of January, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 6