HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS K. STARK,

   Plaintiff,

  v.

TOTEM OCEAN TRAILER EXPRESS, INC.; INTEROCEAN AMERICAN SHIPPING CORPORATION; SEA STAR STEVEDORE CORP., amended to SEA STAR STEVEDORE CO., *in personam,* and SS NORTHERN LIGHTS, Official No. 561732, its machinery equipment and appurtenances, *in rem*,

   Defendants.

Case No. C05-5808RBL

ORDER REGARDING AWARD OF LEGAL FEES AND COSTS

  This matter comes before the Court on Defendant Sea Star's motion to be awarded legal fees and costs pursuant to its Indemnity Agreement with Totem Ocean Trailer Express, Inc. The Court has reviewed the findings of fact and conclusions of law, the memorandum of points and authorities submitted in support of, and in opposition to, this motion, and all declarations submitted in connection with this motion. Being fully advised in the premises, this Court rules as follows:

  1.  The Indemnity Agreement between the parties is clear and unambiguous. It provides that Totem will be responsible for any injury or death of any person or for damage to or loss of property primarily arising through the negligence of Totem, its agents, servants or employees. In such event, the agreement provides that Totem shall indemnify Sea Star against any and all losses, damage, cost and

ORDER
Page - 1

Case 3:05-cv-05808-RBL   Document 69   Filed 04/19/07   Page 2 of 2

1  expense, including attorneys' fees, that may be suffered by Sea Star resulting from breach of such
2  responsibility.

3        The attorney fees and expenses incurred by Sea Star, both before and after the settlement with
4  Thomas Stark, were all incurred in an effort to resolve the principle issue of liability for the accident
5  involving Mr. Stark.  It is clear to the Court, based on the relationship between the parties, that the
6  conduct of Mr. Stark would be attributable to Totem.  Once the Court determined that Thomas Stark was
7  wholly responsible for the accident which caused him injury, the indemnity provision was enforceable in
8  favor of Sea Star and against Totem.  Pursuant to the holding in *Dillingham Ship Yard v. Associated*
9  *Insulation Co., Ltd.*, 649 F.2d 1322 (9th Cir. 1981), the Court finds that all of the attorney fees requested,
10 $160,746.04, are recoverable by Sea Star.

11     2.    Totem challenges the reasonableness of the payment to Dr. Moore-Ede in the amount of
12 $50,530.21.  The Court finds that Dr. Moore-Ede was an essential witness given Sea Star's theory of why
13 Mr. Stark and Totem were responsible for the accident which caused Mr. Stark's injuries.  Although the
14 Court did not place reliance upon Dr. Moore-Ede's testimony, the Court finds that his charges were
15 reasonable and compensable under the Indemnity Agreement.

16     3.    Finally, Totem asks that the Court disallow travel expenses incurred by Sea Star's claims
17 personnel in attending and observing various out-of-state depositions of witnesses.  The costs allocated to
18 such activity is $1,899.48.  The Court finds that the Indemnity Agreement seeks to make Sea Star whole
19 for any expenses incurred in the aftermath of personal injury, death or damage arising through the
20 negligence of Totem, its agents, servants or employees.  The cost to have claims personnel attend out-of-
21 state depositions is such an expense and the Court will not deduct that sum from the request by Sea Star.

22     THEREFORE, the amount of $277,891.03 is awarded to Sea Star Stevedore Co. as attorneys'
23 fees, costs and expenses incurred.  Sea Star's Motion for Attorney Fees and Costs [Dkt. #63] is hereby
24 **GRANTED**.

25     DATED this 19th day of April, 2007.

27                                   */s/ Ronald B. Leighton*
28                             RONALD B. LEIGHTON
                            UNITED STATES DISTRICT JUDGE

ORDER
Page - 2