AO 450 (Rev. 5/85) (Mod. 10/93) Judgment in a Civil Case

# United States District Court
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS K. STARK, | JUDGMENT IN A CIVIL CASE |
| | (Bench Trial Findings and Award of Fees and Costs) |
| v. | |
| | CASE NUMBER    C05-5808RBL |
| TOTEM OCEAN TRAILER EXPRESS, INC.; SEA STAR STEVEDORE CORP., | |

[ √ ]   **Decision by Court.**  This action came to trial before the Court.  The issues have been presented and a decision has been rendered.

BASED ON WRITTEN/ORAL FINDINGS OF FACT AND CONCLUSIONS OF LAW IT IS ORDERED AND ADJUDGED

Under Washington law, indemnification agreements such as that contained in the Stevedoring and Mechanic Services Agreement are valid and enforceable.

Injuries to Stark arose primarily through his own negligence.

Stark qualifies as an agent and as an employee under the indemnity agreement. TOTE must indemnify Sea Star against "any and all loss, damage, cost and expense, including attorney's fees, that may be suffered by Sea Star resulting from breach of such responsibility. Sea Star is entitled to recover all of the costs and expenses, including legal fees that it incurred in investigating and defending Stark's claims.

Sea Star has submitted a summary of its costs and expenses including legal fees incurred prior to the trial. Sea Star in entitled to indemnity from TOTE for all of its legal fees and costs including those legal fees incurred at trial.

TOTE's claims for indemnity are DENIED.

Sea Star's claim for indemnity of its legal fees and costs based on the Stevedoring and Mechanic Services Agreement is GRANTED.

The Amount of $277,891.03 is AWARDED to Sea Star Stevedore Co. as Attorneys' Fees, Costs and Expenses incurred. Sea Star's Motion for Attorney Fees and Costs is hereby GRANTED.

| | |
|---|---|
| | BRUCE  RIFKIN |
| Dated:   April 23, 2007 | Clerk |
| | |
| | s/Jean Boring |
| | *(By) Deputy Clerk* |